IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for PAUL QUARANTILLO, and JOHN C. BUSSE, trustees ad litem, LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA WELFARE AND PENSION FUNDS, THE CONSTRUCTION INDUSTRY ADVANCEMENT PROGRAM OF WESTERN PENNSYLVANIA FUND and the LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA and its affiliated local unions, and THE LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA, <br><br> Plaintiff, <br><br> v. <br><br> RECOVERIT, LLC, <br><br> Defendant. | Civil Action No. |

**COMPLAINT**

1. Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, in that Defendant Contractor has failed to pay wage deductions and fringe benefit contributions to Plaintiff in violation of a certain labor agreement entered into with a union affiliated with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "Union"), an employee organization.

2. Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "Funds"), is a Pennsylvania non-profit corporation which maintains its principal place of business at Forbes-Pride Building, 6th Floor, 1425 Forbes Avenue, Pittsburgh, Pennsylvania 15219. Paul Quarantillo is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds (hereinafter

"Funds"). John C. Busse is an employer trustee and Secretary of the Boards of Trustees of the Funds.

   3.  The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

   4.  The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions and the Construction Industry Advancement Program of Western PA Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("Industry Fund") and Dues Deduction Funds ("Dues Fund").

   5.  Defendant Recoverit, LLC ("Contractor") is engaged in the construction business and maintains its principal place of business at 6065 ½ Arrel-Smith Road, Lowellville, OH 44436.

   6.  On or about April 11, 2008, Defendant Contractor entered into a Labor Agreement ("Agreement") with the Laborers' Union pursuant to which such Defendant was obligated to submit certain monthly payments to Plaintiff for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

   7.  In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff, which has resulted in a principal deficiency of $25,303.29. In addition, interest through April 30, 2009 and late charges/liquidated damages are due Plaintiff of $5,424.96, for a total deficiency of $30,728.25. Interest will continue to accrue after April 30, 2009 at the rate of $10.40 per day.

8. Plaintiff also claims any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

9. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, Defendant Contractor is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such fees and expenses total $6,145.65 through April 30, 2009. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreements and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a) A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to

Plaintiff pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

   (b) For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from May 2008 through the present; and

   (c) For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees for the last three years to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

   (d) For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $36,873.90, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus late charges/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

   (e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

   (f) For such other and further relief as the Court may deem just.

        TUCKER ARENSBERG, P.C.

        By: */s/ Jeffrey J. Leech*
          Jeffrey J. Leech
          PA I.D. No. 19814
          Jonathan A. Orie, Esquire
          PA I.D. No. 207078
          1500 One PPG Place
          Pittsburgh, PA 15222
          Attorneys for Plaintiff
          Laborers Combined Funds of Western PA